IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANYALE PARRISH,<br><br>        Plaintiff,<br><br>    v.<br><br>INDYMAC BANK, INC., a division of ONEWEST BANK, INC., a Washington corporation; and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud on Plaintiff's title thereto; and DOES 1-20, inclusive,<br><br>        Defendants.<br>_____/ | Case No. 2:09-CV-03290-JAM-GGH<br><br><u>ORDER GRANTING DEFENDANT'S</u><br><u>        MOTION TO DISMISS</u> |

This matter comes before the Court on Defendant OneWest Bank, Inc.'s ("Defendant's") Motion to Dismiss (Doc. #8) Plaintiff Danyale Parrish's ("Plaintiff's") First Amended Complaint ("FAC") (Doc.1), for failure to state a claim pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), or in the

1

alternative, for a more definite statement pursuant to FRCP 12(e). Plaintiff partially opposes the motion.[1] (Doc. #9). Plaintiff does not oppose the dismissal of five claims: fraud/concealment, negligence, breach of fiduciary duty, unfair business practices and negligent infliction of emotional distress. (Plaintiff's Opposition, pg. 3, FN. 1). Accordingly, these claims are dismissed, with prejudice. For the reasons explained below, the remainder of Defendant's Motion to Dismiss is also granted, with prejudice.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In September 2006, Plaintiff obtained a mortgage loan to refinance her residential property located at 883 Meadowridge Drive, Fairfield, CA 94534 ("subject property"). Indymac was the loan originator and lender on the subject property. The terms of the loan were memorialized in the promissory Note which was secured by a Deed of Trust on the subject property. The Deed of Trust was recorded on September 21, 2006.

Plaintiff alleges she discovered significant loan irregularities and statutory violations related to the loan. Plaintiff alleges that she did not receive required disclosures, that the defendants placed her into a loan without regard for

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

2

other products better suited for her, and defendants did not verify her income. Plaintiff defaulted on the loan. Defendant OneWest has instituted foreclosure proceedings on the subject property.

In the FAC, Plaintiff alleges that Indymac is a division of OneWest Bank, Inc. As a result, all allegations in the FAC combine the defendants. However, Defendant OneWest argues that it is a separate entity, and that it was not in existence at the time Plaintiff's loan was originated. Therefore, Defendant argues that it is not responsible for Indymac's alleged misdeeds during loan origination. In Plaintiff's opposition brief she states that she does not oppose Defendant's motion to dismiss to the extent it argues it was not in existence at the time of the loan's origination, related to the causes of action for fraud, negligence, breach of fiduciary duty, unfair business practices and negligent infliction of emotional distress.

II.  OPINION

A.  Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the

plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F. 3d 1048, 1052 (9th Cir. 2003).

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. There are two exceptions to this rule: when material is attached to the complaint or relied on by the complaint, or when

the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. Sherman v. Stryker Corporation, 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (internal citations omitted). Here, Plaintiff attached to the FAC documents relating to the issuance of a temporary restraining order in state court, which enjoined the defendants from engaging in the foreclosure of the subject property. The Court will take judicial notice of these documents.

    Defendant requests judicial notice of the documents in connection with Indymac's receivership and OneWest's creation. Plaintiffs do not dispute the authenticity of these documents, all of which are matters of public record. Accordingly, the Court takes judicial notice as requested.

B. Cancellation of Deed

    Plaintiff brings a claim for "cancellation of deed," alleging that "there is in existence a certain written instrument that purports to be a Deed of Trust with Defendant as the designated beneficiary... the above recited actions and omissions of Defendants and each of them in acquiring the invalid Deed of Trust were willful and or/reckless and were intended or done without regard to injury to Plaintiff, who is indeed damaged." (FAC, pg. 6) Plaintiff alleges the deed should

be cancelled as a result of alleged violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Equal Credit Opportunity Act ("ECOA") and the Gramm, Leach-Bliley Act ("GLBA"), as well as for other acts such as not placing Plaintiff in an "appropriate financial product." However, as discussed above, Plaintiff also stated in her opposition brief that she does not oppose Defendant's motion to dismiss to the extent it argues it was not in existence at the time of the loan's origination. For that reason, Plaintiff did not oppose dismissal of several of the claims, including those for negligence, fraud and unfair business practices.

The Court in <u>Mertan v. American Home Servicing, Inc.</u>, 2009 WL 3296698 (C.D. Cal. Oct. 13, 2009) dealt with conflicting allegations very similar to the conflicting allegations raised by Plaintiff in this case. In that case the Court noted, "Plaintiffs aver that as a result of the wrongful and/or illegal acts of Defendants there was a Deed of Trust recorded on the subject property . . . Plaintiffs thus ask that the Court cancel the Deed of Trust. As written, Plaintiffs' request to cancel the deed of trust is too vague and ambiguous. Specifically, it appears that Plaintiffs contend that wrongful conduct caused the Deed of Trust to be recorded in the first instance and that this request to cancel speaks to those initial wrongful acts. However, as admitted by Plaintiffs in various portions of their

opposition briefing, Defendant AHMSI did not participate in the loan origination. As such it is not plausible that the deed of trust was recorded 'as a result' of any allegedly wrongful conduct by AHMSI." Id. at *8.

Likewise, here Plaintiff has conceded in her opposition brief that OneWest was not involved (or even in existence) at the origination of her loan, yet she seeks to hold OneWest responsible, and have the deed of trust canceled, because of alleged violations of TILA, RESPA, and other statutes at the origination of the loan.

Additionally, the Court in Mertan noted that, "the requested relief here sounds in equity. . . Plaintiffs have inadequately plead tender as a seemingly necessary prerequisite to cancellation of the instrument." Id. As Defendant argues, Plaintiff has failed to plead an ability to tender the amount owed.

Defendant further argues that Plaintiff's claim for cancellation of the deed of trust amounts to a claim for rescission of her loan. Indeed, in the general allegations of the FAC, Plaintiff alleges that the FAC serves as a notice of rescission. However, Defendant argues that a claim for rescission should be dismissed because Plaintiff does not allege her ability to tender the full amount of the loan.

To the extent that the allegations in Plaintiff's Complaint amount to a claim for rescission under TILA, the claim fails because Plaintiff has not alleged tender. Rescission under TILA "should be conditioned on repayment of the amounts advanced by the lender." Keen v. Am. Home Mortgage Serv., Inc., 2009 WL 3380454 at *4 (E.D. Cal. Oct. 21, 2009) (quoting Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1170 (9th Cir. 2003)). The Ninth Circuit has further explained that prior to ordering rescission based on a lender's alleged TILA violations, a court may require borrowers to prove ability to repay loan proceeds, and "there is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted. . . the court does not lack discretion to do before trial what it could do after." Garza v. Am. Home Mortgage, 2009 WL 188604 at *4 (E.D. Cal. Jan. 27, 2009) (quoting Yamamoto, 329 F.3d at 1173).

The court in Keen noted that a number of California district courts have required plaintiffs to plead facts demonstrating ability to tender the loan principal in order to withstand a 12(b)(6) motion to dismiss and proceed with a claim for rescission under TILA. Id. at *4-5 (citing Garza, 2009 WL 188604; Serrano v. Sec. Nat'l Mortgage Co., 2009 U.S. Dist. LEXIS 71725 (S.D. Cal. Aug. 14, 2009); Pesayco v. World Sav. Inc., 2009 U.S. Dist. LEXIS 73299 (C.D. Cal. July 29, 2009).

8

Thus, to the extent that Plaintiff pleads a claim for rescission under TILA, her claim fails because the FAC contains no allegations that Plaintiff is able to tender the full amount of the loan. Additionally, Plaintiff's allegations that Defendant violated RESPA and other statutes are conclusory and vague, and fail to state claims against Defendant. Accordingly, Plaintiff fails to state a viable claim for relief against One West, and her claim for "Cancellation of Deed" is dismissed. Amendment of her claim would be futile, as Plaintiff has conceded that Defendant was not involved in the origination of her loan. Thus the Court grants dismissal with prejudice.

C. Quiet Title

Plaintiff brings a claim for quiet title. However, as Defendant argues, plaintiff has not paid the debt owed, and therefore cannot quiet title. "[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649 (1934). Here, the FAC does not allege that Plaintiff has tendered, or is able to tender, the debt secured by the subject property. As such, Plaintiff cannot allege a claim for quiet title. Accordingly, Plaintiff's claim for quiet title is dismissed, with prejudice.

D. Constructive Trust and Order of Conveyance

Plaintiff brings a cause of action for "Constructive Trust and Order of Conveyance." A constructive trust may be imposed if three conditions are met: (1) existence of a res; (2) the plaintiff's right to that res; and (3) the defendant's gain of the res by fraud, accident, mistake, undue influence or other wrongful act. United States v. Pegg, 782 F.2d 1498, 1500 (9th Cir. 1986).

Here, a constructive trust is not an appropriate remedy. Plaintiff has failed to sufficiently allege that Defendant used fraud or other wrongful acts to obtain the Deed of Trust to the subject property. Plaintiff alleges that "defendants set about a course of concealment" and that through "defendant's fraudulent conduct and improper omissions, defendants hold a Deed of Trust on title to the subject property." FAC ¶¶ 23, 26. These conclusory allegations are not sufficient to support a plausible claim. Moreover, Plaintiff's allegations of fraud lack credibility given that Plaintiff did not oppose dismissal of her fraud claim against Defendant. Accordingly, Plaintiff's claim for a constructive trust or order of conveyance is dismissed, with prejudice.

E. Wrongful Foreclosure

Plaintiff alleges that Defendant's foreclosure proceedings are based on a wrongfully obtained deed by virtue of Defendant's

noncompliance with applicable California Code statutes, TILA and RESPA. Defendant argues that Plaintiff cannot allege wrongful foreclosure without tendering full payment.

"Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender [offer] of payment of the indebtedness." Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1184 (N.D. Cal. July 9, 2009) (internal citations omitted). Here, aside from the conclusory allegation that Defendant failed to comply with California Code statues, TILA and RESPA, Plaintiff alleges no facts to support her ability to tender the full amount of the loan.  Accordingly, Plaintiff's claim for a wrongful foreclosure is dismissed, with prejudice.

F. Temporary Restraining Order and Preliminary and Permanent Injunction

Plaintiff pleads a claim for a temporary restraining order and a permanent injunction. It is black letter law in California that injunctive relief is a remedy, not a cause of action. Marlin v. AIMCO Venezia, LLC, 154 Cal. App. 4th 154, 162 (2007). "A request for injunctive relief is not a cause of action. Therefore, we cannot let this 'cause of action' stand." Shamisian v. Atl. Richfield Co., 107 Cal. App. 4th 967, 984-85 (2003).

11

Moreover, "it is appropriate to deny an injunction where there is no showing of reasonable probability of success, even though the foreclosure will create irreparable harm, because there is no justification in delaying that harm where, although irreparable, it is also inevitable." <u>Jessen v. Keystone Savings & Loan Ass'n.</u>, 142 Cal. App. 3d 454, 459 (1983). Here, in addition to improperly alleging injunctive relief as a cause of action, Plaintiff has not paid the debt secured on her loan, nor has she shown a reasonable probability of success on the merits. Accordingly, Plaintiff's claim for a temporary restraining order and preliminary and permanent injunction is dismissed, with prejudice.

### III. ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED WITH PREJUDICE. Defendant's Motion for a More Definite Statement is dismissed as moot.

IT IS SO ORDERED.

Dated: July 13, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE